IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PGP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:17-cv-00954 |
| | ) | |
| -against- | ) | Hon. Jon Phipps McCalla, U.S.D.J. |
| | ) | |
| TPII, LLC, BRYAN KEITH BURNS, and HEIDI NEWFIELD | ) | Hon. Alistair Newbern, U.S.M.J. |
| | ) | |
| Defendants. | ) | |

## INITIAL CASE MANAGEMENT ORDER

Currently pending in this action are Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 22), which has been converted to a motion for summary judgment, and Plaintiff's Cross Motion for Partial Summary Judgment (Doc. No. 32). This case management order refers to these filings as the parties' dispositive motions and establishes dates for the progress of this litigation based upon their resolution. A telephonic case management conference is set for January 4, 2018, at 10:00 a.m. The parties shall call (888) 557-8511 and enter access code 7819165# to participate.

If the parties' dispositive motions are resolved before that date, the parties are ORDERED to move for the setting of a case management conference within seven days of the date of that order.

A. JURISDICTION: The court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 & 1367.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Defendants are liable to PGP, LLC for infringement of its federally-registered trademark and service mark for use of the name TRICK PONY in the

context of the sale of music recordings, related merchandise, and live performance by a musical group. Defendants are also liable to PGP, LLC for breach of license agreements concerning the same intellectual property.

For Defendant: Defendants deny any liability for trademark infringement on four grounds. Specifically, (1) neither Plaintiff (nor Herbert Graham, Plaintiff's predecessor-in-interest) ever used, or had a bona fide intent to use, the marks in the ordinary course of trade and thus do not own the marks; (2) Defendants are prior users of the marks who never abandoned them; (3) Plaintiff's registrations were fraudulently procured; and (4) Graham's unclean hands in obtaining these registrations preclude the possibility of an infringement action under Section 33(b) of the Lanham Act. The first three also serve as grounds for cancellation of Plaintiff's registrations—relief which Defendants have already requested.

Defendants also deny any liability for breach of the license agreements. As an initial matter, Defendants dispute the authenticity of these licenses. Even if they are authentic, however, they were obtained in violation of Graham's fiduciary duties and are void. Even if they were not void, it is unclear whether the true party-at-interest (perhaps an entity known as the Graham Brothers Partnership, at least according to the signature page of the purportedly operative license) has assigned its rights to the Plaintiff. Moreover, because Graham never owned these marks, and you cannot license what you do not own, the licenses were void from the start. Finally, even if none of the above were true, Defendants Newfield and Burns were

not parties to those licenses in their individual capacities and cannot be sued for breach thereof.

C.     ISSUES RESOLVED: Federal Question Jurisdiction and venue.

D.     ISSUES STILL IN DISPUTE:

1. Ownership of the subject intellectual property.
2. The validity of PGP, LLC's registrations.
3. Liability for trademark infringement.
4. The validity/enforceability of the trademark license agreements at issue.
5. Liability for breach of contract.
6. The amount of monetary damages.
7. Injunctive relief.

E.     ANSWER: Defendants shall file their answer and counterclaims, if any, within 14 days of entry of the Court's Order on the parties' pending dispositive motions as provided under Fed. R. Civ. P 12(a)(4)(A).

F.     INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 60 days of the entry of the Court's Order on the parties' pending dispositive motions.

G.     CASE RESOLUTION PLAN AND JOINT ADR REPORTS: Within 90 days of the entry of the Court's Order on the parties' pending dispositive motions, counsel for the parties shall conduct a telephone conference to discuss potential resolution of the case. By no later than three days after this conference, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. Counsel for the parties shall conduct another telephone conference to discuss potential resolution of the case on or before the date sixty-five (65) days prior to the deadline for filing dispositive motions. An updated joint report, including

whether the parties request referral of the case for ADR, shall be filed no later than sixty (60) days in advance of the deadline for the filing of dispositive motions.

H. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses within eight (8) months of the entry of the Court's Order on the parties' pending dispositive motions. Discovery is stayed pending resolution of the parties' dispositive motions. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than 30 days after the close of discovery.

I. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports within 10 months of the entry of the Court's Order on the parties' pending dispositive motions. The defendants shall identify and disclose all expert witnesses and reports within 11 months of the entry of the Court's Order on Defendant's pending Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Supplemental expert reports or rebuttal expert witnesses and reports, if any, shall be disclosed by the parties within 12 months of the entry of the Court's Order on the parties' pending dispositive motions.

J. DEPOSITIONS OF EXPERT WITNESSES: All experts shall be deposed within 1 year and 2 months of the entry of the Court's Order on the parties' pending dispositive motions.

K. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held 1 year and 6 months after the entry of the Court's Order on the parties' pending dispositive motions, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

L. DISPOSITIVE MOTIONS: Dispositive motions shall be filed within 1 year and 4 months of the entry of the Court's Order on Defendant's pending the parties' pending dispositive motions. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 15 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

M. ELECTRONIC DISCOVERY. The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The trial[1] of this action is expected to last approximately four (4) days. The target trial date is July 16, 2019.

It is so ORDERED.

_____
United States Magistrate Judge

---

[1] Defendants intend to demand a trial by jury if they are required to file an Answer. Plaintiff disagrees. This is an issue to be resolved.

APPROVED FOR ENTRY:

**LOEB & LOEB LLP**

/s/ Jon Hollis
Jon Hollis, *pro hac vice*

    345 Park Avenue
    New York, New York 10154
    Telephone: (212) 407-4281

*Attorneys for Plaintiff*

**NEAL & HARWELL, PLC**

/s/ Robert A. Peal
William T. Ramsey, TN BPR No. 009245
James G. Thomas, TN BPR No. 007028
Robert A. Peal, TN BPR No. 025629
Stephen M. Montgomery, TN BPR No. 026489

    1201 Demonbreun Street
    Nashville, TN 37203
    Telephone: (615) 244-1713

*Attorneys for Defendants*